UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY G., | ) | |
| | ) | |
| Plaintiff, | ) | No. 20-cv-7686 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| KILILO KIJAKAZI, Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Anthony G.[1] appeals the decision of the Commissioner of the Social Security Administration denying his application for disability benefits. The parties have filed cross motions for summary judgment. As detailed below, Plaintiff's motion for summary judgment (Dkt. 20) is GRANTED and Defendant's motion for summary judgment (Dkt. 23) is DENIED.[2] The case is remanded for further proceedings consistent with this opinion.

**I.  Background**

Plaintiff filed for disability insurance benefits and supplemental security income on February 27, 2018, alleging a disability onset date of April 1, 2014. (Administrative Record ("R.") 13.) Plaintiff's application was denied initially and upon reconsideration. (*Id*.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 20, 2019. (*Id*.) On March 31, 2020, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled as defined in the Social Security Act. (R. 13-28.) On October 20, 2020, the Appeals Council denied Plaintiff's request for review (R. 1-3), leaving the ALJ's decision as the final decision of the

---

[1]  In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).
[2]  Plaintiff has filed a Memorandum in Support of Reversing or Remanding Agency Decision, which this Court construes as a motion for summary judgment.

Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g); *see Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

The ALJ's opinion followed the five-step analytical process required by 20 C.F.R. § 416.920. At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of April 1, 2014. (R. 16.) At Step Two, the ALJ found Plaintiff had the severe impairments of generalized anxiety disorder and autism spectrum disorder. (*Id*.) At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (*Id*.) Before Step Four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform work at all exertional levels with the following limitations: limited to non-hazardous environments; no driving at work or operating moving machinery; no working on ladders, at unprotected heights, around exposed flames, or unguarded large bodies of water; avoid concentrated exposure to unguarded hazardous machinery and large robotic machinery; limited to simple, routine tasks, work involving no more than simple decision-making, no more than occasional and minor changes in the work setting, and work requiring the exercise of only simple judgment; no work that requires multitasking; limited to work requiring an average production pace, but no work with a significantly above average or highly variable pace; no work requiring significant self-direction; no direct public service, in person or over the phone, except infrequent, brief, and superficial interaction with the public that is incidental to his primary job duties; no work in crowded, hectic environments; limited to brief and superficial interaction with co-workers and supervisors, but no teamwork or tandem tasks. (R. 21-22.) At Step Four, the ALJ determined Plaintiff had no past relevant work.[3] (R. 26.) At Step Five, the ALJ found that there are jobs that exist in significant numbers in the national economy

---

[3]  Plaintiff was 20 years old at the time of the alleged onset date and his primary work experience was part-time work at a grocery store, which did not rise to the level of substantial gainful activity. (R. 16, 27.)

Plaintiff can perform, given his age, education, work experience, and RFC. (R. 27.) Because of these determinations, the ALJ found Plaintiff not disabled under the Social Security Act. (R. 28.)

## II.  Social Security Regulations and Standard of Review

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. 20 C.F.R. § 404.131; *Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017). A court's scope of review in these cases is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation and signals omitted). The Court reviews the ALJ's decision directly, but plays an "extremely limited" role in that the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute (its) own judgment for that of the Commissioner." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted).

## III.  Discussion

### A.  The ALJ Failed to Adequately Assess the Paragraph B Criteria

The ALJ's analysis of the Paragraph B criteria does not provide an opportunity for meaningful review by this Court and requires remand. In determining whether a mental impairment meets a listing, a claimant must demonstrate either extreme limitations in one, or marked limitations in two, of the following so-called Paragraph B criteria: 1) understanding, remembering, or applying information; 2) interacting with others; 3) concentrating, persisting, or maintaining pace; and 4)

3

adapting or managing oneself. 20 C.F.R. Pt. 404, Subpt. P, Al. 1, § 12.00. The aforementioned requirement that an ALJ build an accurate and logical bridge between the evidence and the ALJ's conclusion is designed to ensure meaningful review of the ALJ's decision by the district court; "[i]f a decision 'lacks evidentiary support or is so poorly articulated as to prevent meaningful review,' a remand is required." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012) (quoting *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir.2002)).

Although the ALJ's recitation of the evidence in the Paragraph B section is reasonably thorough, the ALJ does not explain how that evidence supports his findings. The ALJ spent several pages discussing Plaintiff's Individualized Educational Program in high school, his psychiatric consultative examination, his neuropsychiatric evaluation, and his therapy records. (R. 17-20.) At the end of that comprehensive discussion of the records, the ALJ concludes only: "[b]ased on the available evidence, including the claimant's own testimony, I find the claimant's medically determinable mental impairments imposed: 1) Moderate limitations in understanding, remembering, or applying information; 2) Moderate limitations in interacting with others; 3) Moderate limitations in concentrating, persisting, or maintaining pace; and 4) Moderate limitations in adapting or managing oneself." (R. 21.) There is no indication which pieces of evidence the ALJ believes support which conclusion. The Court is left to guess, for instance, why the ALJ believes the evidence he cited supports a finding that Plaintiff had a moderate limitation in interacting with others. Essentially, the ALJ's analysis consists of reciting evidentiary findings and then listing conclusions, with no analysis of how the evidence supports the conclusions. Typically, ALJs separate the analysis of the Paragraph B criteria by evaluating each criterion separately and citing the evidence that supports the ALJ's conclusion. In those cases, the Court can trace the path from the evidence to the conclusion. In this case, the Court is left to sift through a pile of evidence and a pile of conclusions and tasked with intuiting which evidence grafts onto which conclusion. As such, the ALJ has failed to build an

4

accurate and logical bridge between the evidence and his Paragraph B criteria conclusions, and the case must be remanded for an analysis that allows the Court to meaningfully review the ALJ's findings.

### B. The ALJ Failed to Properly Analyze Plaintiff's Neuropsychologist's Opinions

For claims filed after March 27, 2017, the old "treating physician rule"[4] has been replaced by 20 C.F.R. § 404.1520c. Treating physicians' opinions are no longer entitled to presumptive controlling weight; the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). Now, the Commissioner does not "articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your record;" instead, the ALJ "will articulate how [the ALJ] considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in" the regulation. 20 C.F.R. § 404.1520c(b)(1). Consistency and supportability "are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be," and, "[t]herefore we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision." 20 C.F.R. § 404.1520c(b)(2). The ALJ may consider the other factors (*e.g.*, the treating relationship or the provider's specialty), but is not required to do so. *Id.* Regarding the consistency factor, the regulation states "[t]he more consistent a medical opinion…is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion…will be." 20 C.F.R. § 404.1520c(c)(2).

---

[4] 20 C.F.R. § 404.1527.

Plaintiff visited Dr. Alexander Adam Eschbach, Ph.D., on three occasions for the purposes of receiving a neuropsychological evaluation. (R. 487-500.) Among other things, Dr. Eschbach noted that Plaintiff could not remember multi-step instructions or perform multiple-stage commands. (R. 488.) Dr. Eschbach determined that Plaintiff did not "possess sufficient concentration, persistence, and speed to be a viable candidate for full-time employment" and that his "social skills deficits would cause him to be distracted by others' behavior and would interfere with the successful completion of tasks by co-workers." (R. 489.) Dr. Eschbach suggested that with treatment such as individualized therapy and vocational training, "some – if not all – of the patient's deficits may be diminished or fully eliminated" at which time he "may be appropriate for full-time employment." (*Id*.) Plaintiff scored a 74 on the Wechsler Adult Intelligence Scale Fourth Edition Test, which put him in the borderline range, and his general ability score of 83 put him in the low average range. (R. 497.) In sum, Dr. Eschbach found "[t]he results of this neuropsychological examination indicated that the patient's affective state (Generalized Anxiety Disorder), impulsivity and rigidity (Compulsive Personality [behavioral style]), and awkward social skills (Pervasive Developmental Disorder [consistent with Autism Spectrum Disorder/Asperger's Disorder]) suggested that it is unlikely that he is able to sustain meaningful full-time employment *currently*." (R. 490-91 (emphasis in original).)

The entirety of the ALJ's discussion of Dr. Eschbach's opinions is as follows:

> I considered these opinions and found they have no persuasive value. After review of the complete record, I agreed with the psychologist that the claimant's ability to function in the workplace was limited by his mental impairments. However, after a single evaluation, Dr. Eschbach opined those limitations would prevent the claimant from sustaining employment in a competitive workplace, which is not supported by the longitudinal treatment record.

(R. 26.)

While there is a cursory mention of supportability, the ALJ does not discuss the ways in which the "longitudinal treatment record" fails to support Dr. Eschbach's findings. Although the ALJ is not

6

required to discuss every piece of evidence in the record, he must give some indication of which portions of the record he relied on to reach his conclusion that Dr. Eschbach's opinions are not supported by the record. A sweeping reference to the record as a whole and a conclusory statement regarding supportability is not an adequate analysis to satisfy 20 C.F.R. § 404.1520c. Additionally, the ALJ does not discuss the factor of consistency at all.[5] Because the ALJ failed to properly analyze Dr. Eschbach's opinion, the case is remanded.

## IV. Conclusion

Plaintiff's motion for summary judgment (Dkt. 20) is GRANTED and Defendant's motion for summary judgment (Dkt. 23) is DENIED.

**ENTERED:** June 22, 2022

Susan E. Cox,
United States Magistrate Judge

---

[5] Charitably, the following sentence may qualify as an examination of the consistency prong: "After review of the complete record, I agreed with the psychologist that the claimant's ability to function in the workplace was limited by his mental impairments." (R. 26.) However, this would suffer from the same problem as the supportability prong. The ALJ must explain, at a minimum, which portions of "the complete record" led him to the conclusion that Dr. Eschbach's findings that Plaintiff was limited by his mental impairments were consistent with the record. By failing to do so, the ALJ did not satisfy the requirements set forth in the Social Security Regulations.